UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

LINSEN INTERNATIONAL LTD.,
NELSON COVE SHIPHOLDING S.A.,
ELSPETH SHIPPING CORP.,
and ROMFORD SERVICES S.A.,

       Petitioners,

   -against-          MEMORANDUM DECISION
                 AND ORDER
HUMPUSS SEA TRANSPORT PTE LTD, AND  09 Civ. 10393 (GBD)
P.T. HUMPUSS INTERMODA TRANSPORTASI
TBK LTD.,

       Respondents.

------------------------------------X

GEORGE B. DANIELS, United States District Judge:

  Linsen International LTD.("Linsen"), Nelson Cove Shipholding S.A. ("Nelson"), Elspeth Shipping Corp. ("Elspeth"), and Romford Services S.A. ("Romford"), (collectively "Petitioners") filed a Verified Petition to Confirm Foreign Arbitral Awards pursuant to 9 U.S.C. § 201 et seq., against Humpuss Sea Transport PTE LTD. ("HST" or "Respondent") Plaintiffs seek to confirm four final arbitration awards issued in London on January 14, 2011.[1] HST opposes confirmation, raising eleven objections to the confirmation of the arbitration awards.

---

[1] The January 2011 awards slightly modified awards issued on October 26, 2010. The certified copies of the awards issued on October 26, 2010 also contain the panel's reasons for issuing the awards. All copies of the awards are duly signed and the signatures of the three member arbitral panel and the contents of the awards are certified by a notary public.

1

## BACKGROUND

Each of the Petitioners owns an ocean-going vessel. Linsen owns "Empire Mataram;" Nelson owns "Empire Majapahit;" Elspeth owns "Empire Pajajaran;" and Romford owns "Empire Tulang Bawang." See First Final Award "Empire Mataram" at 1; First Final Award "Empire Majapahit" at 1; First Final Award "Empire Pajajaran" at 1; First Final Award "Empire Tulang Bawang" at 1.

Each Petitioner chartered its respective vessel to HST under "Shelltime 4" charters. Each charter contained an identical arbitration clause which holds that "All disputes arising out of this charter shall be referred to Arbitration in London in accordance with the Arbitration Act 1996."[2] The Petitioners duly initiated arbitration proceedings after HST failed to pay and therefore defaulted on the charters. During the arbitration proceedings, HST attempted to reorganize its corporate structure. Petitioners saw this as an attempt to prevent enforcement of any awards. Therefore, Petitioners sought and received a worldwide freezing injunction in English courts. See Verified Petition Dec. 22, 2009, Exhibit 1, ¶ 4. Petitioners initially sought enforcement of that injunction in this Court pursuant to 28 U.S.C. § 1782(a). This Court ordered limited discovery, which remains pending. Subsequently, the tribunal issued its Final Award finding for Petitioners, which Petitioners now seek to confirm.

## LEGAL STANDARD

Petitioners' application for confirmation and enforcement of the arbitral awards is governed by the New York Convention, codified as the Federal Arbitration Act, 9 U.S.C. §§ 201 et seq.

---

[2] Petitioner submitted these charters to this Court as attachments to an affidavit of its Verified Petition for Assistance of Foreign Tribunal under 28 U.S.C. § 1782(a). See Verified Petition Dec. 22, 2009, Exhibit 1, ¶ 4.

United States Courts recognize a foreign arbitral award if the party seeking recognition has met two requirements. It must present a duly authenticated original award or a certified copy, and the original arbitration agreement or a certified copy. New York Convention art. IV(1).

A court will not confirm an award if it finds "one of the [specified] grounds for refusal or deferral of recognition or enforcement of the award." Id. Article V of the Convention specifies the seven exclusive grounds. See New York Convention art. V; see also Yusuf Ahmed Alghanim v. Toys "R" Us, Inc., 126 F.3d 15, 19-20 (2d.Cir. 1997). On a confirmation motion, the party opposing enforcement has the burden of proving that one of the seven defenses applies. New York Convention art. V(1); Europcar Italia, S.p.A. v. Maiellano Tours, Inc., 156 F.3d 310, 313 (2d Cir.1998). It is a high burden. Yusuf Ahmed Alghanim, 126 F.3d at 23 (quoting Ottley v. Schwartzberg, 819 F.2d 373, 376 (2d Cir.1987)) (quotation marks omitted). Review of arbitral awards is "very limited ... in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Yusuf Ahmed Alghanim, 126 F.3d at 23 (quoting Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 111 (2d Cir.1993)); Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc., 403 F.3d 85, 90 (2d Cir. 2005). Therefore, if the opposing party fails to satisfy its burden, the court will confirm the award. See id.

## DEFENDANT'S OBJECTIONS

In its Answer, HST raised eleven objections to the confirmation of the awards: (1) the Petition fails to state a cause of action upon which relief can be granted; (2) the petition should be dismissed for forum non conveniens; (3) improper venue; (4) lack of subject matter jurisdiction; (5) insufficient service; (6) "Pursuant to Article 5 of the Convention . . . at least one of the seven bases for non-recognition exist;" (7) the award is not yet binding on the parties; (8)

the claims are unripe; (9) claims are procedurally defective; (10) Petitioner has not produced an original agreement in writing; (11) Petitioner has not provided a duly authenticated copy of the original award. See Resp. Answer at 3-5.

None of the objections has merit. Section 203 of the Federal Arbitration Act confers subject matter jurisdiction on this Court. See 9 U.S.C. § 203 ("The district courts of the United States . . .shall have original jurisdiction over" actions under the New York Convention). Venue is proper in this district because under the Convention, in the absence of an agreement to the contrary, venue is proper in any court that has subject matter jurisdiction. See 9 U.S.C. § 204. The copy of the Agreement certified by petitioners' attorney is sufficient to satisfy the original agreement in writing requirement. See Overseas Cosmos, Inc. v. NR Vessel Corp., WL 757041 at *5 (S.D.N.Y. Dec.8, 1997) (holding that a copy of the agreement certified by petitioner's solicitor, who participated in the arbitration, is sufficient if the existence of the agreement is not disputed). Respondent was served properly and this Court received duly authenticated awards and verified copies of the arbitration agreements. The awards are final and timely, given that they were filed less than one year after they were issued. See 9 U.S.C. § 207.

Finally, HST has not produced any evidence that one of the seven specified bases for non-recognition exists. In fact, HST has not even explicitly stated which bases might be present. It is Respondent's burden on this motion to prove that one of the seven defenses is present. See Telenor Mobile Communications AS v. Storm LLC, 584 F.3d 396, 405 (2d Cir. 2009). By not introducing any evidence or even mentioning which defense it believes is present, Respondent has failed to meet its "heavy" burden. See id. Therefore, the awards are confirmed. See Encyclopaedia Universalis S.A., 403 F.3d at 90; SK Shipping Co. Ltd. v. Cetrotek Holding Ltd.,

4

2009 WL 4884097, at *2 (S.D.N.Y. 2009) (confirming an award when the Respondent failed to satisfy its burden).

## CONCLUSION

Petitioners' motion to confirm the arbitration awards is GRANTED.

Dated:  New York, New York
       April 29, 2011                        SO ORDERED:

                                                        GEORGE B. DANIELS
                                                        United States District Judge